FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2011 NOV 16 P 3: 16

| | |
|---|---|
| AMY LAMARCA, an individual; JON-CHRISTOPHER BOLLING, an individual; NANCY MCPHERSON, an individual; CHRISTINA REBMAN, an individual; ROLLAND D. WINTER, an individual; and CHRISTOPHER AMBROSE, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS; CHARLES JUDD, in his capacity as Chairman of the Virginia State Board of Elections; KIMBERLY BOWERS, in her capacity as Vice-Chair of the Virginia State Board of Elections; DON PALMER, in his capacity as Secretary of the Virginia State Board of Elections; ROBERT F. MCDONNELL, in his capacity as Governor of Virginia; BILL BOLLING, in his capacity as Lieutenant Governor of Virginia; and KENNETH T. CUCCINELLI, II, in his capacity as Attorney General of Virginia, <br><br> Defendants. | Civil Action No. 1:11cv1255 <br><br> Three-Judge Court Requested AJT/JFA |

## COMPLAINT

Plaintiffs bring this action to challenge the validity of Virginia's congressional districts on grounds that they contravene the United States Constitution. Plaintiffs, for their cause of action against Defendants, state and allege as follows:

### PARTIES

1. Plaintiff Amy LaMarca is a United States Citizen and registered voter in the State of Virginia. She resides at 104 Kinloch Drive in Fredericksburg, Virginia. Under the current congressional redistricting plan, she resides in Congressional District 1. She voted in the 2010 election for the United States House of Representatives and intends to vote in the 2012 election for the United States House of Representatives.

2. Plaintiff Jon-Christopher Bolling is a United States Citizen and registered voter in the State of Virginia. He resides at 3300 Austin Avenue in Richmond, Virginia. Under the

current congressional redistricting plan, he resides in Congressional District 3. He voted in the 2008 election for the United States House of Representatives and intends to vote in the 2012 election for the United States House of Representatives.

3. Plaintiff Nancy McPherson is a United States Citizen and registered voter in the State of Virginia. She resides at 1038 Copper Stone Circle in Chesapeake, Virginia. Under the current congressional redistricting plan, she resides in Congressional District 4. She voted in the 2010 election for the United States House of Representatives and intends to vote in the 2012 election for the United States House of Representatives.

4. Plaintiff Christina Rebman is a United States Citizen and registered voter in the State of Virginia. She resides at 740 Worsham Road in Richmond, Virginia. Under the current congressional redistricting plan, she resides in Congressional District 7. She voted in the 2008 election for the United States House of Representatives and intends to vote in the 2012 election for the United States House of Representatives.

5. Plaintiff Rolland D. Winter is a United States citizen and registered voter in the State of Virginia. He resides at 40125 Little Oatlands Lane in Leesburg, Virginia. Under the current congressional redistricting plan, he resides in Congressional District 10. He voted in the 2010 election for the United States House of Representatives and intends to vote in the 2012 election for the United States House of Representatives.

6. Plaintiff Christopher Ambrose is a United States Citizen and registered voter in the State of Virginia. He resides at 7815 Lambkin Court in Lorton, Virginia. Under the current congressional redistricting plan, he resides in Congressional District 11. He voted in the 2010 election for the United States House of Representatives and intends to vote in the 2012 election for the United States House of Representatives.

7. Defendant Virginia State Board of Elections is responsible for administering Virginia election laws, supervising and coordinating the work of local election officials to ensure legality and purity in all elections, and issuing rules and regulations for the conduct of all

70916-0013/LEGAL22117360.1

elections in the Commonwealth, including elections for the United States House of Representatives.

8. Defendants Charles Judd, Kimberly Bowers, and Don Palmer are sued in their respective official capacities as Chairman, Vice-Chair, and Secretary of the Virginia State Board of Elections.

9. Defendant Robert F. McDonnell is sued in his official capacity as Governor of Virginia. As Governor, Defendant McDonnell is vested with the chief executive power of the Commonwealth.

10. Defendant Bill Bolling is sued in his official capacity as Lieutenant Governor of Virginia.

11. Defendant Kenneth T. Cuccinelli, II is sued in his official capacity as Attorney General of Virginia. Defendant Cuccinelli is the chief legal officer of the Commonwealth of Virginia.

12. Defendants McDonnell, Bolling, and Cuccinelli have duties under state law to ensure that the Constitution and laws of the Commonwealth of Virginia are faithfully executed, including the requirement under Article II, Section 6 of the Virginia Constitution that congressional districts be "composed of contiguous and compact territory" and "so constituted as to give, as nearly as is practicable, representation in proportion to the population of the district."

## JURISDICTION AND VENUE

13. This Court has jurisdiction to hear Plaintiffs' claims pursuant to 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 1331 and 1343(a)(3)-(4). This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

14. A three-judge district court is requested pursuant to 28 U.S.C. § 2284(a), as Plaintiffs' action "challeng[es] the constitutionality of the apportionment of congressional districts" in Virginia.

70916-0013/LEGAL22117360.1

15. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and in this division.

## FACTUAL ALLEGATIONS

16. Virginia's current congressional districts were established by the Virginia General Assembly in 2001 based on the results of the 2000 Census. Virginia's current congressional districts are set forth in Va. Code Ann. § 24.2-302.1.

17. The results of the 2000 Census revealed that, as of April 1, 2000, the population of Virginia was 7,078,515. The 2001 redistricting legislation drew eleven congressional districts with an overall range of deviation of zero percent (38 people) from the ideal population of 643,501 per congressional district.

18. Based on the results of the 2010 Census, the population of Virginia as of April 1, 2010 was 8,001,024. The ideal population for each of the eleven congressional districts using this figure is 727,366 (8,001,024 divided by eleven).

19. The official 2010 Census figures for Virginia show that population shifts during the last decade have generated substantial inequality among Virginia's eleven congressional districts, whose populations now range from a low of 646,184 in Congressional District 2 to a high of 869,437 in Congressional District 10. Thus, the total population deviation is now 223,253 persons.

20. The population increase in Virginia has caused several Virginia congressional districts, including Congressional Districts 1, 4, 7, 10, and 11, to become overpopulated relative to others. The existing malapportionment of congressional districts in Virginia dilutes the voting strength of Plaintiffs residing in overpopulated congressional districts, as the weight or value of Plaintiffs' votes is less than that of other voters residing in underpopulated congressional districts.

21. Article II, Section 6 of the Virginia Constitution provides that the Virginia General Assembly must reapportion the Commonwealth's congressional districts "in the year 2011."

4

22. The Virginia General Assembly has failed to enact a congressional redistricting plan pursuant to Article II, Section 6 of the Virginia Constitution, either in the 2011 regular session, the reconvened session on April 6, 2011, or the reconvened session on June 9, 2011.

23. During the 2011 session, the Republican-controlled House of Delegates and the Democrat-controlled Senate adopted competing maps, neither of which was approved by a majority of both chambers of the Virginia General Assembly.

24. On information and belief, the Virginia General Assembly will be unable to resolve the legislative deadlock in 2011 and will not enact a redistricting plan reapportioning Virginia's eleven congressional districts in accordance with Article II, Section 6 of the Virginia Constitution.

25. The Speaker of the House of Delegates has indicated that the Virginia General Assembly intends to postpone congressional redistricting until 2012.

26. Because portions of Virginia are covered jurisdictions under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, any redistricting plan enacted by the Virginia General Assembly must be precleared by either the United States Department of Justice or the United States District Court for the District of Columbia. The preclearance process takes at least sixty days and oftentimes several months to complete.

27. The time period in which congressional candidates must file declarations of candidacy in Virginia is between March 12 and March 29, 2012.

28. The failure to enact and implement a Virginia congressional redistricting plan based on the 2010 Census results has violated and is violating rights guaranteed to Plaintiffs and all other similarly situated individuals under the United States Constitution.

29. On information and belief, absent an injunction by this Court, Defendants intend to and will conduct primary and general elections for the United States House of Representatives on the basis of the congressional districts set forth in Va. Code Ann. § 24.2-302.1.

70916-0013/LEGAL22117360.1

30. Plaintiffs intend to and will vote in the state primary and general elections to be held in 2012 and thereafter for candidates for the United States House of Representatives. If those elections are conducted by Defendants on the basis of the congressional districts set forth in Va. Code Ann. § 24.2-302.1, Plaintiffs and all other similarly situated individuals will be further deprived of rights guaranteed by the United States Constitution.

31. In order to ensure that congressional districts that comply with the United States Constitution are in place for the 2012 election, it is necessary for this Court to order into effect a congressional redistricting plan for Virginia.

## CAUSE OF ACTION

32. Plaintiffs restate and incorporate by reference the allegations of paragraphs 1 through 31 above as though fully set forth herein.

33. Article I, Section 2 of the United States Constitution provides in relevant part:

> The House of Representatives shall be composed of Members chosen every second Year by the People of the several States . . . . Representatives . . . shall be apportioned among the several States which may be included within this Union, according to their respective Numbers . . . .

34. The Fourteenth Amendment of Section 1 of the United States Constitution provides in relevant part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

35. The Fifth Amendment of the United States Constitution provides in relevant part: "No person shall . . . be deprived of life, liberty, or property, without due process of law."

36. The above provisions of the United States Constitution guarantee that Virginia voters will have a fair and equal opportunity to cast a meaningful ballot for the Untied States House of Representatives, regardless of the congressional districts in which they reside, and that voters in more highly populated congressional districts will not be subject to unlawful discrimination.

70916-0013/LEGAL22117360.1

37. Virginia's current congressional districts set forth in Va. Code Ann. § 24.2-302.1 are malapportioned on the basis of the 2010 Census results, unlawfully discriminating against Plaintiffs and other similarly situated individuals.

38. The congressional redistricting plan set forth in Va. Code Ann. § 24.2-302.1 deprives Plaintiffs and all similarly situated individuals of rights guaranteed to them under the United States Constitution.

## PRAYER FOR RELIEF

Accordingly, Plaintiffs respectfully request that this Court:

1. Convene a court of three judges pursuant to 28 U.S.C. § 2284(a);

2. Declare that the current Virginia congressional redistricting plan as set forth in Va. Code Ann. § 24.2-302.1 is invalid for failure to comply with the requirements of the United States Constitution;

3. Issue a permanent injunction and judgment barring Defendants from calling, holding, supervising, administering, or certifying any further elections under the current Virginia congressional redistricting plan, as Plaintiffs have no adequate remedy at law and will be irreparably harmed by the continued violation of their constitutional rights;

4. Hold hearings, consider briefing and evidence, and otherwise take actions necessary to determine and order into effect a new congressional redistricting plan for the Commonwealth of Virginia;

5. Retain jurisdiction of this action to render any and all further orders that the Court may from time to time deem appropriate; and

6. Grant such other or further relief the Court deems to be appropriate, including but not limited to an award of Plaintiffs' attorneys' fees and reasonable costs.

Dated: November 16, 2011

Respectfully submitted,

By _____
John K. Roche (VA Bar No. 68594)
Perkins Coie, LLP
700 13th St., N.W., Suite 600
Washington, D.C. 20005-3960
Phone: (202) 434-1627
Fax: (202) 654-9106
Email: JRoche@perkinscoie.com

J. Gerald Hebert
VA Bar No. 38432
191 Somerville Street, #405
Alexandria, VA 22304
(703) 628-4673

*Attorneys for Plaintiffs*

8