IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMY LAMARCA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No.: 1:11-cv-01255-AJT-JFA |
| v. ) | |
| ) | |
| VIRGINIA STATE BOARD OF ) | |
| ELECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' RULE 12(b)
<u>MOTIONS TO DISMISS</u>**

1. The complaint was filed on November 16, 2011, by six individuals who reside and are registered to vote in Virginia. The complaint contained a prayer for relief requesting the convening of a three judge court. (Doc. 1).

2. The time in which to answer or otherwise respond has not passed.

3. The theory of the complaint is that Virginia's eleven congressional districts are mal-apportioned in light of the 2010 census, that the General Assembly will not pass legislation to reapportion the congressional districts in accordance with the 2010 census in time for the congressional elections of 2012, and that the Defendants intend to conduct the 2012 congressional elections within old lines drawn after the 2000 census. (Doc. 1 at 4-5).

4. Though the special session of the General Assembly has thus far not reapportioned the congressional districts, there remains ample time for the General Assembly to redistrict Virginia's congressional seats and obtain timely preclearance of that redistricting prior

to the 2012 congressional elections. Further, the complaint pleads that the General Assembly intends to do so. (Doc 1 at 5).

5. Plaintiffs' claim rests on the premise that, because having *not yet* redrawn the congressional districts in accordance with the 2010 census, the General Assembly *will not* redistrict "in the year 2011," as provided in Article II, Section 6 of the Virginia Constitution. However, it is still 2011, the General Assembly remains in session, and HB 5004, dealing with congressional redistricting, remains pending legislation. *See* http://legis.state.va.us/; http://leg1.state.va.us/cgi-bin/legp504.exe?112+lst+PND (last visited Nov. 30, 2011).

6. Even assuming the General Assembly does not reapportion the Commonwealth's congressional districts before the end of the year, it retains the authority under the Virginia Constitution to reapportion those districts thereafter and obtain preclearance of the redistricting plan in time for the 2012 elections. Alhough Article II, Section 6 of the Virginia Constitution provides that "[t]he General Assembly shall reapportion the Commonwealth into electoral districts . . . in the year 2011," the Virginia Supreme Court has made clear that the use of shall in reference to government action is generally directory, not mandatory. *See Tran v. Bd. of Zoning Appeals of Fairfax Cnty.*, 260 Va. 654. 657-58, 536 S.E.2d 913, 915 (2000); *see, e.g.*, *Butler v. Commonwealth*, 264 Va. 614, 619, 570 S.E.2d 813, 816 (2002). Therefore, reapportionment "in the year 2011" "'is not . . . essential to the validity of the proceedings,'" here, redistricting. *Butler*, 265 Va. at 619, 570 S.E.2d at 816 (quoting *Nelms v. Vaughan*, 84 Va. 696, 699, 5 S.E. 704, 706 (1888)).

7. Thus, the claim that the General Assembly will not timely pass a valid congressional redistricting plan or that the United States Department of Justice will not timely preclear the plan passed by the General Assembly is entirely speculative.

## Rule 12(b)(1)

8. On April 29, 2011, the United States District Court for the Western District of Virginia dismissed a suit directed against the Virginia Senate Elections based upon the same general theory as asserted in this case to challenge Virginia's congressional districts. (Case No. 3:11-cv-00030-NKM; Docs. 11 and 12 (Exs. A and B)).

9. In dismissing the case for want of Article III jurisdiction, the court concluded that the claims asserted, that the Virginia Senate Elections would be held without first redistricting the body in accordance with the 2010 census, "are contingent on future uncertainties," and thus were "not ripe for review." Although no redistricting plan for the Virginia Senate had yet been enacted, the court reasoned that "there is no reason to suspect that Virginia's lawmakers will fail to enact appropriate redistricting legislation in a timely manner," and so concluded that "there is no basis for the requested relief." (Case No. 3:11-cv-00030-NKM; Doc. 11 at 3).

10. Virginia's lawmakers did in fact redistrict the Virginia Senate and House of Delegates in a timely manner and in accordance with the 2010 census. *See* Va. Code § 24.2-303.3. This redistricting was precleared in far less time than is likely to be available for preclearing the congressional redistricting. *See* Ex. C (letter from Department of Justice, dated June 17, 2011, noting that the enacted redistricting plan had been received on May 10, 2011 and notifying the Commonwealth that the redistricting of the Virginia Senate and House of Delegates was precleared). Legislation has been prefiled to postpone the congressional primary date to better accommodate redistricting, s*ee* LD 12101325, and any difficulty allegedly arising from that deadline is likewise speculative.

11. As in the above-referenced case, Plaintiffs' claims are speculative, based upon future contingencies that may not occur, and thus, like the claims regarding Virginia's Senate

districts, are not ripe for review. Furthermore, assuming the General Assembly does not redraw the congressional districts in 2011, the Assembly nonetheless retains the authority to redistrict in 2012, well in time for the 2012 elections to be conducted along constitutionally adequate lines, rendering Plaintiffs' injury purely conjectural. Accordingly, this court should affirm that, "[a]s the Constitution vests redistricting responsibilities foremost in the legislatures of the States and in Congress, a lawful, legislatively enacted plan should be preferable to one drawn by the courts" and dismiss all of the Plaintiffs' claims as premature. *League of United Latin Am. Citizens v. Perry*, 548 U.S. 399, 416 (2006).

12.     Furthermore, Plaintiffs' suit against the Virginia State Board of Elections *eo nomine* is barred as to that defendant by virtue of the Commonwealth's sovereign immunity. *Libertarian Party of Virginia v. Virginia State Bd. of Elections*, No. 1:10-cv-615, 2010 U.S. Dist. LEXIS 97177, *13-14 (E.D. Va. Sept. 16, 2010) (noting the inapplicability of the exception of *Ex parte Young*, 209 U.S. 123 (1908), to a suit against the State Board of Elections and thus dismissing the suit as barred by the Eleventh Amendment).

13.     Likewise, Plaintiffs' suit as to Defendants Robert F. McDonnell, Bill Bolling, and Kenneth T. Cuccinelli, II, in their official capacities, is barred by the Eleventh Amendment, as the *Ex parte Young* exception does not apply to state officials who "merely possess[] '[g]eneral authority to enforce the laws of the state,'" and lack any "special[ ]relation" to "the challenged statute." *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010) (state attorney general) (quoting *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 331 (4th Cir. 2008)) (state attorney general); *see Waste Mgmt. Holding, Inc. v. Gilmore*, 252 F.3d 316 (4th Cir. 2001). (Doc. 1 at 3). And the Governor, Lieutenant Governor, and Attorney General possess no specific enforcement authority with respect to elections, sovereign immunity bars this suit against those defendants.

**Rule 12(b)(6)**

14. The Western District also noted that that suit was subject to dismissal for failure to state a claim because the allegation that the Defendants intended to conduct 2011 elections within the old lines "does not 'raise the right to relief above the speculative level,' and therefore fails to satisfy the 'plausibility' standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)." (Case No. 3:11-cv-00030-NKM; Doc. 11 at 3-4 n.3).

15. Plaintiffs in this case similarly allege that Defendants "intend to and will conduct primary and general elections for the United States House of Representatives on the basis of the congressional districts" drawn in accordance with the 2000 census. (Doc. 1 at 5). However, that claim is not plausible as the State Board of Elections does not intend to conduct elections within the existing district lines. Ex. D (Palmer Decl.).

16. Therefore, this suit is likewise subject to dismissal for failure to state a non-speculative claim.

WHEREFORE, the complaint should be dismissed for want of jurisdiction and for failure to state a claim upon which relief may be granted.

Respectfully submitted,

VIRGINIA STATE BOARD OF ELECTIONS, CHARLES JUDD, KIMBERLY BOWERS, DON PALMER, ROBERT F. MCDONNELL, BILL BOLLING, and KENNETH T. CUCCINELLI, II, in their official capacities

/s/
E. Duncan Getchell, Jr.
Solicitor General
(VSB No. 14156)
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

             (804) 786-2436 – Telephone
             (804) 371-0200 – Facsimile
             dgetchell@oag.state.va.us
             *Counsel for Defendants*

Kenneth T. Cuccinelli, II
Attorney General of Virginia

E. Duncan Getchell, Jr., VSB #14156
Solicitor General of Virginia
E-mail:  dgetchell@oag.state.va.us

Wesley G. Russell, Jr., VSB #38756
Deputy Attorney General
E-mail:  wrussell@oag.state.va.us

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of December, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record for Plaintiff:

>John K. Roche, Esquire
>Perkins Coie, LLP
>700 13th Street, N.W.
>Suite 600
>Washington, DC  20005-3960
>
>J. Gerald Hebert, Esquire
>191 Somerville Street, #405
>Alexandria, VA  22304

>>/s/
>>E. Duncan Getchell, Jr.
>>Solicitor General
>>(VSB No. 14156)
>>Office of the Attorney General
>>900 East Main Street
>>Richmond, Virginia 23219
>>(804) 786-2436 – Telephone
>>(804) 371-0200 – Facsimile
>>dgetchell@oag.state.va.us
>>
>>*Counsel for Defendants*