# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| AMY LAMARCA, an individual; JON-CHRISTOPHER BOLLING, an individual; NANCY MCPHERSON, an individual; CHRISTINA REBMAN, an individual; ROLLAND D. WINTER, an individual; and CHRISTOPHER AMBROSE, an individual,<br><br>        Plaintiffs,<br><br>        v.<br><br>VIRGINIA STATE BOARD OF ELECTIONS; CHARLES JUDD, in his capacity as Chairman of the Virginia State Board of Elections; KIMBERLY BOWERS, in her capacity as Vice-Chair of the Virginia State Board of Elections; DON PALMER, in his capacity as Secretary of the Virginia State Board of Elections; ROBERT F. MCDONNELL, in his capacity as Governor of Virginia; BILL BOLLING, in his capacity as Lieutenant Governor of Virginia; and KENNETH T. CUCCINELLI, II, in his capacity as Attorney General of Virginia,<br><br>        Defendants. | Civil Action No. 1:11-cv-01255-AJT-JFA |

## SURREPLY IN RESPONSE TO DEFENDANTS' REPLY IN SUPPORT OF THEIR RULE 12(B) MOTIONS TO DISMISS

### I.        INTRODUCTION

Defendants argue for the first time in their Reply to Plaintiffs' Opposition to Defendants' Rule 12(b) Motions to Dismiss ("Reply"), Dkt. # 29, that Plaintiffs do not have standing to bring certain claims.  There is a good reason that the argument was not raised in the first instance in Defendants' Memorandum of Points and Authorities in Support of Defendants' Rule 12(b) Motions to Dismiss ("Memorandum"), Dkt. #11.  With all due respect, the argument simply has no merit.

## II.   ARGUMENT

### A.   Plaintiffs Have Standing to Bring Their Claims.

It is clear beyond reasonable dispute that voters have standing to challenge the constitutionality of the congressional districts in which they live.  *See, e.g.*, *United States v. Hays*, 515 U.S. 737, 745 (1995) (where plaintiff resides in unconstitutional district, he "has standing to challenge the legislature's action").  "In the context of apportionment," the Supreme Court of the United States has held, "voters have standing to challenge an apportionment statute because they are asserting a plain, direct and adequate interest in maintaining the effectiveness of their votes."  *Dep't of Commerce v. U.S. House of Representatives*, 525 U.S. 316, 331-32 (1999) (internal quotation marks, citation, and edits omitted).  "A citizen's right to a vote free of arbitrary impairment by state action has been judicially recognized as a right secured by the Constitution," and citizens challenging the constitutionality of their state-drawn congressional districts have standing to protect their rights in court.  *Baker v. Carr*, 369 U.S. 186, 207 (1962).

Plaintiffs' Complaint, Dkt. # 1, alleges "one person, one vote" claims under Article I, Section 2, the Fourteenth Amendment, and the Fifth Amendment of the United States Constitution.  Plaintiffs live in overpopulated congressional districts, and consequently, the current congressional districts violate Plaintiffs' constitutional rights.  *Karcher v. Daggett*, 462 U.S. 725, 731 (1983).  As the Supreme Court has held, voters like Plaintiffs have standing to challenge the constitutionality of their congressional districts, *see Baker*, 369 U.S. at 207, and courts regularly hear malapportionment claims raised by voters.  *See Arrington v. Elections Bd.*, 173 F. Supp. 2d 856, 862 (E.D. Wis. 2001) (plaintiffs have standing to bring malapportionment claims); *Flateau v. Anderson*, 537 F. Supp. 257 (S.D.N.Y. 1982) (hearing malapportionment claim brought by voters); *Wright v. City of Albany*, 306 F. Supp. 2d 1228, 1230 (M.D. Ga. 2003)

- 2 -

(voters raise "one person, one vote" claim); *Corbett v. Sullivan*, 202 F. Supp. 2d 972, 973 (E.D.

Mo. 2002) (voters raise "one person, one vote" challenge).

Nonetheless, Defendants argue that Plaintiffs do not have standing and cannot challenge

the General Assembly's failure to comply with the requirement in Article II, Section 6 of the

Virginia Constitution.  With all due respect, Defendants' argument is nonsensical.  First,

Plaintiffs have raised claims under the United States Constitution, not the Virginia Constitution,

and as the Supreme Court has repeatedly held, Plaintiffs have standing to raise the claims

asserted here.  *See, e.g., Baker*, 369 U.S. at 207.  Second, Plaintiffs have not challenged any

recent actions taken by the General Assembly under Article II, Section 6 but have only argued

that the Court consider the plain meaning of the Virginia Constitution when considering

Defendants' challenge to the ripeness of Plaintiffs' claims.  Finally, it is Defendants, not

Plaintiffs, who challenge the plain meaning of the Virginia Constitution, and Plaintiffs certainly

have standing—in whatever form Defendants use the term—to respond to their arguments.  In

short, Plaintiffs have standing to bring this suit and to address the meaning of the Virginia

Constitution to the extent it bears on their claims.  The startling suggestion to the contrary should

be rejected.

**B.      Plaintiffs' Opposition Was Filed On Time.**

Defendants also argue that Plaintiffs' Opposition was filed three days late.  This, too, is

incorrect.  The Eastern District of Virginia considers electronic filing to be "filing by mail" for

purposes of Fed. R. Civ. P. 6(d), and "three days are added to the period within which a brief

must be filed."  *Brailey v. Advance Am. Cash Advance Ctrs. of Va., Inc.*, No. 3:08cv365, 2009

WL 1325496 at *2 (E.D. Va. May 7, 2009); *see also United States District Court-Eastern*

*District of Virginia Electronic Case Filing (E-Filing) Policies and Procedures* at 34.  Plaintiffs

filed their Opposition brief on December 19, 2011—fourteen days after Defendants' filed their

motions to dismiss.  Plaintiffs' Opposition, therefore, was filed on time.

## III.    CONCLUSION

For the reasons stated above and in Plaintiffs' Opposition, Plaintiffs submit that

Defendants' motions should be denied.


Dated:  December 23, 2011                          Respectfully submitted,

                                                  By:  /s/  John K. Roche_____
                                                      John K. Roche (VSB# 68594)
                                                      John Devaney (*pro hac* pending)
                                                      Marc Erik Elias (admitted *pro hac vice*)
                                                      Perkins Coie, LLP
                                                      700 13th St., N.W., Suite 600
                                                      Washington, D.C. 20005-3960
                                                      Phone:  (202) 434-1627
                                                      Fax:  (202) 654-9106
                                                      Email: JRoche@perkinscoie.com
                                                      Email: MElias@perkinscoie.com

                                                      Kevin J. Hamilton (admitted *pro hac vice*)
                                                      Abha Khanna (admitted *pro hac vice*)
                                                      Perkins Coie, LLP
                                                      1201 Third Avenue, Ste. 4800
                                                      Seattle, WA 98101-3099
                                                      Phone:  (206) 359-8000
                                                      Fax:  (206) 359-9000
                                                      Email: KHamilton@perkinscoie.com
                                                      Email: AKhanna@perkinscoie.com

                                                      J. Gerald Hebert
                                                      VA Bar No. 38432
                                                      191 Somerville Street, #405
                                                      Alexandria, VA 22304
                                                      (703) 628-4673

                                                      *Attorneys for Plaintiffs*


- 4 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of December, 2011, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system and will serve the foregoing via

email and overnight commercial delivery service to the following:

E. Duncan Getchell, Jr.
Michael H. Brady
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 786-7240
Fax: (804) 371-0200
mbrady@oag.state.va.us

*Attorneys for Defendants*

By _____/s/_____
John K. Roche (VSB# 68594)
Perkins Coie, LLP
700 13th St., N.W., Suite 600
Washington, D.C. 20005-3960
Phone: 202-434-1627
Fax: 202-654-9106
JRoche@perkinscoie.com

*Attorneys for Plaintiffs*